IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUTH A. HUNTER,** *et al.*,

    **Plaintiffs,**

                                                        Civil Action 2:18-cv-01097
                                                        Chief Judge Edmund A. Sargus, Jr.
    v.                                               Chief Magistrate Judge Elizabeth P. Deavers

**RHINO SHIELD,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Aleksandre Dgebuadze's Motion to Stay Discovery Pending the Court's Decision on Defendants' Motion to Dismiss (ECF No. 54) and Plaintiffs' Response in Opposition (ECF No. 59).[1] For the reasons that follow, Defendant's Motion (ECF No. 54) is **DENIED**.

**I.**

Plaintiffs filed their original Complaint on September 21, 2018. (ECF No. 1.) Defendant Aleksandre Dgebuadze ("Defendant") filed a Motion to Dismiss on October 19, 2018. (ECF No. 5.) Plaintiffs filed their First Amended Complaint on November 8, 2018. (ECF No. 18.) Defendant filed a Second Motion to Dismiss in response to the Amended Complaint on

---

[1] Plaintiffs also filed a "Supplemental Memorandum in Opposition to Defendant Aleksandre Dgebuadze's Motions to Stay Discovery and to Dismiss." (ECF No. 61.) However, Plaintiffs failed to properly move for leave to file the supplemental memorandum in accordance with Southern District of Ohio Local Civil Rule 7.2(a)(2). Accordingly, the Court will not consider the Supplemental Memorandum in ruling on Defendant Dgebuadze's Motion to Stay.

December 17, 2018.  (ECF No. 39.)  On February 14, 2019, Defendant moved to stay discovery pending resolution of his Second Motion to Dismiss.  (ECF No. 54.)  Plaintiffs filed their response in opposition to Defendant's Motion to Stay Discovery on March 6, 2019.  (ECF No. 59.)  Defendant did not file a Reply.

## II.

Rule 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion for "good cause shown."  Fed. R. Civ. P. 26(c).  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999).  Limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery."  *Muzquiz v. W.A. Foote Mem' l Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995).  Whether to authorize a stay of discovery pending a preliminary ruling is discretionary.  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304–05 (6th Cir. 2003).  In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.,* No. 2:06–cv–0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008).  When a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery.  *Marrese v. Am. Acad. of Orthopedic Surgeons,* 706 F.2d 1488, 1493 (7th Cir.1983).

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery.  *Bowens v. Columbus Metro. Library Bd. of Trs.*, No.

2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

**III.**

The Court concludes that Defendant has failed to demonstrate that a stay of discovery is justified. The essence of Defendant's argument is that discovery should be stayed because he has filed a motion to dismiss. The Court cannot conclude at this time that it is highly likely the motion will be granted.[2] *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was

---

[2] To be clear, the Court is not opining on the merits of Defendant's Motion to Dismiss.

3

"fairly debatable," but noting that the court "might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"). Certainly, where it is clear that the Court lacks the authority to hear a case, requiring a party to participate in discovery is problematic. Here, however, the viability of Defendant's Motion to Dismiss is at least debatable. Furthermore, while Defendant asserts that discovery would constitute a burden for him, he does not provide any colorable reasons for why discovery would be particularly burdensome in this case. Moreover, Defendant has not adequately demonstrated that a stay of discovery would not result in prejudice to Plaintiffs. Accordingly, Defendant has failed to establish sufficient grounds to support a stay of discovery pending the outcome of his Motion to Dismiss.

**IV.**

For the foregoing reasons, the Court finds that Defendant Dgebuadze has not carried his burden to show that a stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, concludes that a temporary stay pending resolution of Defendant's Motion to Dismiss is not warranted. Defendant's Motion to Stay Discovery is, therefore, **DENIED**. (ECF No. 54.)

**IT IS SO ORDERED.**

Date: April 23, 2019    /s/ *Elizabeth A. Preston Deavers*
    **ELIZABETH A. PRESTON DEAVERS**
    **CHIEF UNITED STATES MAGISTRATE JUDGE**