# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RUTH A. HUNTER,** *et al.*,

    **Plaintiffs,**

v.

**RHINO SHIELD,** *et al.*,

    **Defendants.**

Case No. 2:18-cv-1097
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth Preston Deavers**

## OPINION & ORDER

Currently before the Court are two matters. First, Plaintiffs Ruth A. Hunter and Mark D. Hunter (collectively, the "Hunters" or "Plaintiffs") have moved this Court for Default Judgment against Defendant Aleksandre Dgebuadze ("Dgebuadze" or "Defendant"). (ECF No. 44). Defendant has filed a Motion to Strike Plaintiffs' Motion for Default Judgment. (ECF No. 47). For the reasons stated herein, Plaintiffs' Motion for Default Judgment (ECF No. 44) is **DENIED** and Defendant's Motion to Strike (ECF No. 47) is **DENIED AS MOOT**.

## I.

Plaintiffs filed an Amended Complaint in this action on November 8, 2018. (*See* Am. Compl. [ECF No. 18]). On December 6, 2018, a Summons was returned unexecuted as to Defendant Aleksandre Dgebuadze. (*See* ECF No. 35). A waiver of service was sent to the Defendant on December 6, 2018. (*See* ECF No. 38). Defendant returned the signed waiver of service to the Court on December 15, 2018. (*See id.*). The waiver stated that defense counsel "must file and serve an answer or a motion under Rule 12 within 60 days from 12/06/2018 . . . ." (*Id.*). Defendant filed a Rule 12 Motion on December 17, 2018. (ECF No. 39).

On January 4, 2019, Plaintiffs filed the Motion for Default Judgment against Defendant Dgebuadze alleging that "Mr. Dgebuadze is in default since he missed the deadline for responding to the First Amended Complaint which was filed November 8, 2018, and has not sought or requested leave to respond to the amended complaint or to file a motion." (ECF No. 44 at 1). Plaintiffs claim that default judgment against Dgebuadze is proper because he failed to file his responsive pleadings within fourteen days of Plaintiffs' filing of the Amended Complaint. (*Id.* at 1).

In response to Plaintiffs' motion, Mr. Dgebuadze moved this Court to strike Plaintiffs' Motion for Default Judgment. (ECF No. 47). Mr. Dgebuadze avers that default judgment is improper as Defendant returned an executed waiver of service, which allowed Defendant to file either an answer to the Amended Complaint or a motion to dismiss within 60 days of the day of service of the waiver, December 6, 2018. (*See generally id.*). Accordingly, Defendant submits that he had until February 4, 2019, to respond to the Amended Complaint. (*Id.* at 1). As Mr. Dgebuadze filed a Rule 12 motion on December 17, 2019, he submits that he timely responded to the Amended Complaint and, as such: 1) Plaintiffs' Motion for Default Judgment should be stricken from the record; and 2) Mr. Dgebuadze should be awarded costs and attorney fees for having to respond to Plaintiffs' "frivolous and bad faith filing." (*Id.* at 1–2).

## II.

### A.  Plaintiffs' Motion for Default Judgment

A motion for default judgment is considered pursuant to Federal Rule of Civil Procedure 55. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," default judgment is proper. Fed. R. Civ. P. 55(a). Plaintiffs contend that as the Amended Complaint was filed on November 2, 2018, Mr. Dgebuadze

had until November 22, 2018 to respond under Fed. R. Civ. P. 15(a)(3). (Mot. for Def. J. at 1). Mr. Dgebaudze responds that the "only successful service by Plaintiffs upon [Mr.] Dgebuadze was via a December 06, 2018 executed waiver of service" of the Amended Complaint. (ECF No. 53 at 2). Accordingly, Mr. Dgebuadze avers, he had until February 4, 2019 to file an answer or a Rule 12 motion. The Court agrees with Mr. Dgebuadze.

The record shows that on December 6, 2018, a waiver of service was sent to Mr. Dgebuadze.[1] (*See* ECF No. 38). The waiver of service was returned executed on December 15, 2018. (*Id.*). The waiver provided that Mr. Dgebuadze had until February 4, 2019 to file an answer or a Rule 12 motion. (*Id.*). Mr. Dgebuadze filed a motion under Rule 12(b)(1), 12(b)(6), and 12(h)(3) on December 17, 2018. (*See* ECF No. 43). As Mr. Dgebuadze filed a Rule 12 motion prior to February 4, 2019, default judgment would be improper.

**B.     Mr. Dgebuadze's Motion to Strike**

Mr. Dgebuadze moves the Court to strike Plaintiffs' Motion for Default Judgment pursuant to the Court's inherent authority to control its own docket. (ECF No. 53 at 1 (citing *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5, 2013). The determination of whether to strike a filing rests within the sound discretion of the Court. *See Wasau Benefits v. Progressive Ins. Co.*, 270 F. Supp. 2d 980, 985 (S.D. Ohio 2003). And "motions to strike are generally disfavored and considered remed[ies]' that should be 'sparingly used by the courts.'" *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *5 (S.D. Ohio Mar. 31, 2015) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (alterations in original). The Court is disinclined to strike the filing as the

---

[1] Also on December 6, 2018, the Summons was returned unexecuted as to Mr. Dgebuadze. (ECF No. 35).

3

Court denied Plaintiffs' Motion for Default Judgment, *see supra.*, and the parties will not be prejudiced if the motion remains on the docket. *See Id.* (stating that courts are called to consider "(1) whether the material has any possible relation to the controversy, *and* (2) whether either party would be prejudiced by allowing the pleading to stand as-is." (emphasis added)). Accordingly, the Court denies Mr. Dgebuadze's Motion to Strike as moot.

### III.

For the reasons stated herein, Plaintiffs' Motion for Default Judgment (ECF No. 44) is **DENIED** and Defendant Dgebuadze's Motion to Strike (ECF No. 47) is **DENIED AS MOOT**.

**IT IS SO ORDERED**

5-1-2019
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**