UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUTH A. HUNTER, *et al.*,

                Plaintiffs,

v.

RHINO SHIELD, *et al.*,

                Defendants.

Case No. 2:18-cv-1097
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION & ORDER

Currently pending before the Court is Plaintiffs Mark D. Hunter, as Executor of the Estate of David G. Hunter, and Ruth A. Hunter's (collectively "Plaintiffs") Motion for Default Judgment against John D. Robertson. (ECF No. 68). For the reasons stated herein, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

## I.

Plaintiffs commenced this action on September 21, 2018, through the filing of a seven-count Complaint. (*See* Compl. [ECF No. 1]). On November 8, 2018 Plaintiff filed an eight-count Amended Complaint. (*See* Am. Compl. [ECF No. 18]). Plaintiff asserts claims for: 1) violations of the Ohio Consumer Sales Practices Act (Am. Compl. ¶¶ 187–194); 2) "Negligent and/or Intentional Misrepresentation" (*Id.* ¶¶ 195–201); 3) Breach of Contract (*Id.* ¶¶ 203–211); 4) Violations of the Ohio Home Sales Solicitation Act (*Id.* ¶¶ 212–216); 5) Breach of Express and Implied Warranties and Violations of the Magnuson Moss Warranty Act (*Id.* ¶¶ 217–230); 6) Civil Conspiracy (*Id.* ¶¶ 231–236); 7) "Declaratory Judgment that Defendants are Vicarious Liability

[sic] As Agents, Agents by Estoppel, Apparent Authority, and as a Joint Venture" (*Id.* ¶¶ 237–244); and **8)** Alter Ego Liability (*Id.* ¶ 245–247).

Plaintiffs first attempted to serve Defendant John D. Robertson ("Robertson") with a copy of the Amended Complaint by way of certified mail, however the Summons was returned as unexecuted on December 4, 2018. (*See* ECF No. 34). On January 10, 2019, Plaintiffs moved to serve Robertson by publication, and the Court granted that motion on February 26, 2019. (*See* ECF Nos. 44, 56). Plaintiffs submitted the proposed public notice to the Court on March 4, 2019. (ECF No. 57). And on March 4, 2019, the Court granted Plaintiffs' request to effect service with the proposed publication. (ECF No. 58). On April 18, 2019, Plaintiffs filed the affidavit of Cindy A. Shillingburg on behalf of the Daily Reporter to demonstrate that they had complied with the Court's previous Order and that they had published the Notice in the Daily Reporter once per week for a period of six consecutive weeks. (*See* ECF Nos. 64, 64-1).

Plaintiffs filed the Motion for Default Judgment against Robertson on May 14, 2019. (ECF No. 68). Robertson has not responded to this Motion and has yet to otherwise enter an appearance before this Court.

## II.

Federal Rule of Civil Procedure 55(a) states that when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 5(a). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must first be an entry of default under Rule 55(a) with the Clerk. *See Shepherd Claims Serv. Inc. v. William Darrah & Assoc.*, 795 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment"). Federal Rule of Civil Procedure 12(a)(1)(A)(i)

states that a defendant "must serve an answer within 21 days after being served with a complaint." Fed. R. Civ. P. 12(a).

### III.

Plaintiffs are requesting an entry of default judgment against Robertson for failing to respond to the Amended Complaint. The Court agrees that Robertson has failed to serve his Answer or otherwise respond to the Amended Complaint within the allotted time under Rule 12 and thus default may be appropriate. However, Plaintiffs have failed to first apply for entry of default with the Clark, which is a necessary prerequisite to a Court's entry of default judgment.

### IV.

For the reasons set forth above, Plaintiffs' Motion for Default Judgment against John D. Robertson (ECF No. 68) is **DENIED WITHOUT PREJUDICE**. Once Plaintiffs apply for default with the Clerk and default is entered, Plaintiffs may re-file a Motion for Default Judgment.

**IT IS SO ORDERED.**

9-30-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**