UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RUTH A. HUNTER, *et al.*,

          Plaintiffs,

          Case No. 2:18-cv-1097
          JUDGE EDMUND A. SARGUS, JR.
          Magistrate Judge Elizabeth Preston Deavers

v.

RHINO SHIELD, *et al.*,

          Defendants.


## OPINION & ORDER

Currently pending before the Court is Plaintiffs Mark D. Hunter's, as Executor of the Estate of David G. Hunter, and Ruth A. Hunter's (collectively "Plaintiffs") Motion for Default Judgment against John D. Robertson. (ECF No. 107). For the reasons stated herein, Plaintiffs' Motion is **DENIED without PREJUDICE to RENEWAL.**

### I.

Plaintiffs commenced this action on September 21, 2018, through the filing of a seven-count Complaint. (*See* ECF No. 1). On November 8, 2018 Plaintiffs filed an eight-count Amended Complaint seeking relief from 10 named defendants. (*See* ECF No. 18). Plaintiffs assert claims for: 1) violations of the Ohio Consumer Sales Practices Act (Am. Compl. ¶¶ 187–194); 2) "Negligent and/or Intentional Misrepresentation" (*Id.* ¶¶ 195–201); 3) Breach of Contract (*Id.* ¶¶ 203–211); 4) Violations of the Ohio Home Sales Solicitation Act (*Id.* ¶¶ 212–216); 5) Breach of Express and Implied Warranties and Violations of the Magnuson Moss Warranty Act (*Id.* ¶¶ 217–230); 6) Civil Conspiracy (*Id.* ¶¶ 231–236); 7) "Declaratory Judgment that Defendants are

Vicarious Liability [sic] As Agents, Agents by Estoppel, Apparent Authority, and as a Joint Venture" (*Id.* ¶¶ 237–244); and 8) Alter Ego Liability (*Id.* ¶ 245–247).

Plaintiffs first attempted to serve Defendant John D. Robertson ("Robertson") with a copy of the Amended Complaint by way of certified mail. The Summons, however, was returned as unexecuted on December 4, 2018. (*See* ECF No. 34). On January 10, 2019, Plaintiffs moved to serve Robertson by publication, and the Court granted that motion on February 26, 2019. (*See* ECF Nos. 48 & 56). Plaintiffs submitted the proposed public notice to the Court on March 4, 2019. (ECF No. 57). And on March 4, 2019, the Court granted Plaintiffs' request to effect service with the proposed publication. (ECF No. 58). On April 18, 2019, Plaintiffs filed the affidavit of Cindy A. Shillingburg on behalf of the Daily Reporter to demonstrate that they had complied with the Court's previous Order and that they had published the notice in the Daily Reporter once per week for a period of six consecutive weeks. (*See* ECF Nos. 64 & 64-1). At that time, Robertson had failed to plead or otherwise appear in this matter.

Plaintiffs filed their first Motion for Default Judgment against Robertson on May 14, 2019. (ECF No. 68). However, the Court denied Plaintiffs' motion without prejudice because Plaintiffs failed to first apply for entry of default with the Clerk, which is a necessary prerequisite to a Court's entry of default judgment pursuant to Federal Rule of Civil Procedure 55. (ECF No. 94 at 3). Plaintiffs subsequently filed an Application for Entry of Default against Robertson on September 30, 2019. (ECF No. 95). The Clerk entered default against Robertson that same day. (ECF No. 96). And on October 18, 2019, Plaintiffs moved again for default judgment against Robertson. (ECF No. 107).

Robertson has not responded to the Motion for Default Judgment currently before this Court.

## II.

Given the present procedural posture of this case, Plaintiffs' Motion for Default Judgment falls within the rule set forth in *Frow v. De La Vega*, 82 U.S. 552 (1872), which the Sixth Circuit summarizes in *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305 (6th Cir. Sept. 9, 1988) (*per curiam*). In *Kimberly v. Coastline Coal Corp.*, the Sixth Circuit explains:

> When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.

*Id.* at *3 (citing *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (1974) (footnote omitted)). Notably, the *Kimberly* court also cautions that "[t]he *Frow* rule is a narrow one, however, and applies in general when the liability of the defendants is joint." *Kimberly*, 1988 WL 93305, at *3. As this Court has pointed out, the purpose of the *Frow* rule is "to avoid inconsistent judgments in a case where liability of the defendants is alleged to be joint or joint and several." *Sharp (Oakwood Estates), Inc. v. National Condo & Apartment Ins. Group, et.al.*, 12-cv-783, 2013 WL 12130355, at *1 (S.D. Ohio March 19, 2013); *see generally Charnock v. Anderson*, 14-cv-472, 2015 WL 12683414 (S.D. Ohio July 1, 2015).

The instant matter is a multi-defendant action that has not been resolved on the merits. Plaintiffs' Amended Complaint also alleges that the liability of Robertson for the alleged damages is joint and several.[1] (ECF No. 18 at 71). Therefore, the Court concludes that the *Frow* rule applies

---

[1] Plaintiffs Amended Complaint states the following: "WHEREFORE, plaintiffs Ruth A. Hunter and the Estate of David H. Hunter hereby demand judgment against defendants Rhino Shield, James H. Williams, Steven C. Dominique, Rudolph J. Pallone, Aleksandre Dgebuadze, John D. Robertson, Tri-State Coating, Inc., Rhino Shield Florida, AmCoat Technologies Incorporated, and AmCoat Industries, **jointly and severally and vicariously liable,**

in this case. Consequently, it would be premature and inappropriate to grant Plaintiffs' Motion for Default Judgment against Robertson at this time.

**III.**

For the reasons stated above, the Plaintiffs' Motion for Default Judgment against Robertson is **DENIED without PREJUDICE to RENEWAL** at an appropriate time. (ECF No. 107). Due to his default, however, Robertson will be precluded from any further participation in the instant case.[2]

**IT IS SO ORDERED.**

| | |
|---|---|
| _12-2-2019_ | _(signature)_ |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |

---

where applicable, in an amount exceeding $750,000 for both compensatory and punitive damages." (ECF No. 18 at 71) (emphasis added).

[2] _See Frow_, 82 U.S. at 554 ("The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence; he cannot be heard at the final hearing.").