IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUTH A. HUNTER, *et al.*,

     Plaintiffs,

                            **Case No. 2:18-cv-1097**

vs.                             **Judge Edmund A. Sargus, Jr.**

                            **Chief Magistrate Judge Elizabeth P. Deavers**

RHINO SHIELD, *et al.*,

     Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Compel Discovery from Defendant Steven C. Dominique and for Sanctions (ECF No. 142), and Defendants' Motion to Strike Issuance of Subpoenas (ECF No. 164). Each of these Motions is ripe for decision. For the reasons stated herein, Plaintiffs' Motion (ECF No. 142) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Motion (ECF No. 164) is **GRANTED**.

**I.**

On or about August 29, 2019, Plaintiffs served initial discovery pursuant to Federal Rules of Civil Procedure 33, 34, and 36 upon Defendant Dominique, and scheduled a deposition for Mr. Dominique. (*See* ECF 142 at PAGEID # 1914.) Mr. Dominique responded to the written discovery in September and October 2019, and Plaintiffs "immediately" felt that a majority of Mr. Dominique's responses were improper. (*Id.* at PAGEID # 1915.) On October 8, 2019, the Court stayed Mr. Dominique's deposition, but on November 13, 2019, the Court ordered that Mr. Dominique's deposition shall proceed. (*See* ECF Nos. 103, 114.) Since that time, the Parties

have attempted to informally resolve their disputes over Mr. Dominique's written discovery responses and Mr. Dominique's deposition.

The Parties were unable to resolve their disputes. On April 16, 2020, this matter came before the Court for a telephonic status conference in which all Parties appeared and participated. (ECF No. 140.) The Parties indicated that they had reached an impasse with respect to Mr. Dominique's discovery responses. (*Id.*) Accordingly, the Court directed Plaintiffs to file a Motion to Compel by April 24, 2020, and Defendants to file a Response in Opposition by May 4, 2020. (*Id.*) The Court's Order stated that "[n]o reply will be required unless otherwise ordered by the Court." (*Id.*) On April 24, 2020, Plaintiffs timely filed the Motion to Compel, ECF No. 142, and on May 4, 2020, Defendants timely filed a Response in Opposition, ECF No. 143. Plaintiffs sought leave to file a reply, ECF No. 144, but the Court denied that request, ECF No. 152.

Broadly speaking, Plaintiffs take issue with Mr. Dominique's responses to approximately forty-six (46) of the fifty-eight (58) Requests for Admission ("RFAs"),[1] thirty-five (35) of the thirty-six (36) Interrogatories,[2] and sixty-five (65) of the ninety-four (94) Requests for

---

[1] Southern District of Ohio Civil Rule 36.1 provides that "[u]nless there has been agreement of the responding party or leave of Court has first been obtained, no party shall serve more than forty requests for admission (including all subparts) upon any other party." S.D. Ohio Civ. R. 36.1. Plaintiffs did not seek leave to serve fifty-eight (58) RFAs, and the Court is unaware of any agreement between Plaintiffs and Mr. Dominique on the issue. Therefore, by answering all of Plaintiffs' RFAs, Mr. Dominique opted to provide Plaintiffs with more discovery than they were entitled to under the operative rules. *See Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2016 WL 339972, at *8 (S.D. Ohio Jan. 28, 2016) (Denying motion to compel where plaintiff served requests for admission exceeding the limit under S.D. Ohio Civ. R. 36.1, without moving for leave to exceed the limit or attempting to explain why the additional requests were necessary).

[2] Federal Rule of Civil Procedure 33(a)(1) states "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Plaintiffs did not seek leave to serve thirty-six (36)

Production ("RFPs").  (*See generally* ECF No. 142.)  Plaintiffs take umbrage with Mr. Dominique's repeated reliance on form responses and objections, which Plaintiffs argue are non-responsive, evasive, and incomplete.  (*Id.*)  Plaintiffs also complain that Mr. Dominique did not appear for his deposition in October 2019, and Mr. Dominique has been noncooperative in rescheduling a new deposition.  Mr. Dominique generally responds that he "has made every attempt to provide responses" to the discovery requests, but "in many instances, Mr. Dominique has no knowledge of the requested information or no such documents exist."  (ECF No. 143 at PAGEID # 2107.)

On June 2, 2020, Defendants filed Defendants' Motion to Strike Issuance of Subpoenas, ECF No. 164, requesting this Court to strike subpoenas served upon Jeffrey M. Donovan, *see* ECF No. 148, and Nationwide Protective Coatings Mfrs. Inc., *see* ECF No. 149.  On June 5, 2020, Plaintiffs filed Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike Issuance of Subpoenas, ECF No. 165, and Defendants did not file a reply brief.  Defendants generally argue that the subpoenas are untimely and irrelevant, and that they constitute an "obvious and blatant attempt to circumvent the discovery process."  (*See generally* ECF No. 164.)  Plaintiffs argue the subpoenas are necessary because they seek "records which Mr. Dominique has thus far refused to produce," referencing a number of Interrogatories and RFPs which also are the subject of Plaintiffs' Motion to Compel.  (*See generally* ECF No. 165.)

## II.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc*., 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).  "'It is

---

interrogatories, and the Court is unaware of any agreement between Plaintiffs and Mr. Dominique on the issue.

well established that the scope of discovery is within the sound discretion of the trial court.'"  *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).  The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  Fed. R. Civ. P. 26(b)(1).  While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1).  The Court is satisfied that this prerequisite to filing a discovery motion has been satisfied, as Plaintiffs have detailed the "history of Plaintiffs' efforts to obtain discovery compliance" over nearly nine pages of their Motion to Compel.  (*See* ECF No. 142 at PAGEID ## 1918-1926.)

Determining the scope of discovery is within the Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information

4

would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015).  "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citations omitted)).  Despite being construed broadly, the concept of relevance is not unlimited.  *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009).  Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses."  *Doe*, 2018 WL 1373868 at *2 (citations omitted).  Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard.  *Id.* (citation omitted).

Under Federal Rule of Civil Procedure 36(a)(6), the requesting party may challenge the sufficiency of an answer or objection to a request for admission.  Under the Rule, "[u]nless the court finds an objection justified, it must order that an answer be served," and "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted

5

or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). The requesting party bears the burden of demonstrating that the responding party's answers or objections were insufficient. *See Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2016 WL 339972, at \*7 (S.D. Ohio Jan. 28, 2016).

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a nonparty to, *inter alia,* produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 further provides that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or [] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'restoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano*, 2015 WL 8259548, at \*5 (citing Fed. R. Civ. P. 26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance

'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 575 F.3d at 305) (emphasis in original).

## III.

Applying the foregoing authority, the Court now considers in turn the two pending motions:  Plaintiffs' Motion to Compel Discovery from Defendant Steven C. Dominique and for Sanctions (ECF No. 142), and Defendants' Motion to Strike Issuance of Subpoenas (ECF No. 164).

### A.      Motion to Compel

Plaintiffs bring a motion to compel Mr. Dominique to respond to most of Plaintiffs' written discovery requests.  (ECF No. 142.)  Plaintiffs summarize the grounds for their motion as follows:

> Mr. Dominique failed to appear for a properly noticed deposition (ECF #83) on October 10, 2019 at which he was required to provide written discovery responses, and has also [] failed to properly, completely, and/or fully respond to written discovery requests including interrogatories, requests for admissions, and document requests served upon him on August 29, 2019 (ECF #84)(responses to the discovery requests are attached as Exhibits A-C).

(*Id.* at PAGEID # 1913.)  Plaintiffs seek an order (1) compelling Mr. Dominique to produce "proper, complete, and full responses" to the interrogatories and document requests; (2) deeming Nos. 1-2 and 8-58 of Mr. Dominique's Requests for Admissions as admitted; and (3) imposing various sanctions on Defendants, including but not limited to Mr. Dominique.  (*Id.* at PAGEID # 1912.)  Plaintiffs spend little time explaining why their discovery requests are relevant and should be answered, and instead devote a majority of their thirty-nine (39) page[3] Motion to

---

[3] Local Rule 7.2(a)(3) states "[t]he Court prefers that memoranda in support of or in opposition to any motion or application to the Court not exceed twenty pages."  S.D. Ohio Civ. R. 7.2(a)(3). Plaintiffs nearly doubled the Court's preferred page limitation, without leave of Court.  They also provided only a cursory summary and table of contends in violation of the Rule.  *Id.* ("In all cases in which memoranda exceed twenty pages, counsel shall include a combined table of

Compel detailing the history of the discovery dispute and Plaintiffs' correspondence with Defendants. (*See generally* ECF No. 142.) Ultimately, Plaintiffs argue they are entitled to their desired relief because "[t]here is [] no dispute that the discovery is directly relevant to the key issues and claims against not only Mr. Dominique, but also the other defendants who conduct business as Rhino Shield." (*Id.* at PAGEID # 1945.) This is the extent of Plaintiffs' relevancy analysis.

This Court will address each of Plaintiffs' three overarching requests in turn. First, however, the Court must address the threshold question of whether Plaintiffs' discovery requests are relevant.

### 1. Relevancy

In the context of a motion to compel, "the movant bears the initial burden of showing that the information is sought is relevant." *Prado*, 2017 WL 5151377, at *1 (citing *Gruenbaum*, 270 F.R.D. at 302). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* (citing *O'Malley*, 311 F.R.D. at 463); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (indicating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

---

contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum and the principal arguments and citations to primary authority made in each section . . . .")

Plaintiffs posit, in passing, that "[t]here is [] no dispute that the discovery is directly relevant to the key issues and claims against not only Mr. Dominique, but also the other defendants who conduct business as Rhino Shield." (*Id.* at PAGEID # 1945.)  This is not true, as Mr. Dominique objected to many, if not most, of Plaintiffs' discovery requests on the basis of relevancy. (*See generally* ECF Nos. 142-1, 142-2.)  Simply stating that something is relevant does not make it so.  Accordingly, Plaintiffs have failed to meet their initial burden of showing that *all* of their discovery requests are relevant.  The Parties have briefed whether *individual* discovery requests are relevant, however, and the Court addresses these arguments on a request-by-request basis below.

### 2.  Interrogatories and Requests for Production

Most of Plaintiffs' attacks are aimed at Mr. Dominique's responses to the Interrogatories and RFPs. (*See generally* ECF No. 142 at PAGEID ## 1940-1944.)  Plaintiffs appear to have three primary grievances:  (1) Mr. Dominique responded to Interrogatory Nos. 1-5, 8-13, 17-25, 29-30, 32-34, and 36 with an identical response that Plaintiffs contend is improper; (2) many of Mr. Dominique's other Interrogatory responses "do not even attempt to address the substance or merits of the interrogatory"; and (3) Mr. Dominique "has only produced a few documents in response to [P]laintiffs' 94 document requests." (*Id.*)

As to the first issue, Plaintiffs observe that Mr. Dominique responded to many of the Interrogatories with a copy-and-paste response that reads "As an officer of the coating supplier I would not be privy to that information.  Further, Rhino Shield is a trademark and a registered trade name." (ECF No. 142 at PAGEID # 1940.)  Plaintiffs contend this "is not responsive" because "[t]he issue is whether he has the information or not." (*Id.*)

This Court disagrees with Plaintiffs and finds that Mr. Dominique's copy-and-paste response to these interrogatories is responsive.  As Plaintiffs correctly observe, "[t]he issue is whether he has the information or not."  But, Mr. Dominique has responded, time and again, that he "would not be privy to that information."  (*Id.*)  Thus, Mr. Dominique has answered the question of whether he has the information:  he does not.  To the extent Plaintiffs think Mr. Dominique "obviously has some or all of the information sought," *id.* at PAGEID # 1941, "a motion to compel is not the proper way to argue about the factual accuracy of a party's response."  *Brown v. Mohr*, No. 2:13-CV-0006, 2017 WL 2832631, at *3 (S.D. Ohio June 30, 2017) (citing *Grant v. Target Corp.*, 2013 WL 571845, *9 (S.D. Ohio Feb. 13, 2013), *aff'd*, No. 2:13-CV-06, 2017 WL 10056799 (S.D. Ohio Nov. 6, 2017)).  Accordingly, the Court rejects Plaintiffs' arguments regarding Interrogatory Nos. 1-5, 8-13, 17-25, 29-30, 32-34, and 36.

As to the second issue, Plaintiffs contend that Mr. Dominique's responses to the following Interrogatories are "patently improper":  Interrogatory Nos. 6, 7, 14, 15, 16, 26, 27, 31, and 35.  (ECF No. 142 at PAGEID ## 1941-1943.)  The Court will address Mr. Dominique's responses to each of these Interrogatories in turn.

- Interrogatory No. 6: Plaintiffs take issue with Mr. Dominique's response that "Rhino Shield is a trademark and a registered trade name," because they "have reason to believe that he has incorporated or formed entities such as AmCoat Industries Inc. and AmCoat Technologies Inc. in various states and held those entities out as Rhino Shield."  (ECF No. 142 at PAGEID # 1942; *see also* ECF No. 142-2 at PAGEID # 1990.)  This Court rejects Plaintiffs' argument, and finds that Mr. Dominique properly responded to Interrogatory No. 6.

- Interrogatory No. 7: Plaintiffs take issue with Mr. Dominique's response that he "cannot provide a list of witnesses that other defendants would use" and "[i]n the unlikely event that this case goes to trial and I am still a defendant, a witness list will be provided pursuant to the Court's schedule." (ECF No. 142 at PAGEID # 1942; *see also* ECF No. 142-2 at PAGEID # 1990.) Plaintiffs argue they "are entitled to know who [Mr. Dominique's] witnesses are or might be." (ECF No. 142 at PAGEID # 1942.) Mr. Dominique responds that "[i]f the case proceeds to trial, [he] will provide any witnesses, if there are any identified, as required." (ECF No. 143 at PAGEID # 2126.) This Court rejects Plaintiffs' argument as premature, as the Court has not set a trial in this case, let alone a deadline for pretrial disclosures. Plaintiffs will be entitled to Mr. Dominique's witness list if the case proceeds to trial.

- Interrogatory No. 14: Plaintiffs asked Mr. Dominique to "[s]tate how it is that you were contacted and when and by whom you were contacted to perform services on the Hunters' job." (ECF No. 142-2 at PAGEID # 1992.) After Mr. Dominique objected, Plaintiffs conceded that the interrogatory was poorly worded. Plaintiffs now contend they seek "when and how and by whom [Mr. Dominique's] client was contacted to provide a warranty or warranties to the Hunters, as part of their project." (ECF No. 142 at PAGEID # 1942.) This Court finds that Mr. Dominique did not properly respond to Interrogatory No. 14 as originally written, but no additional response is necessary. Mr. Dominique responded that he did not perform services on the Hunters' job, which did not directly answer whether he was *contacted* about performing services on the Hunters' job, but the difference is irrelevant in light of Plaintiffs' reworded request.

With respect to Plaintiffs' new request, Mr. Dominique responded that "the only warranty claim made related to the job at the Hunter residence was a workmanship claim to Tri-State Coating" and "Mr. Dominique has never been contacted by Plaintiffs nor would that have been an appropriate means of making a claim as all warranties came from Tri-State." (ECF No. 143 at PAGEID # 2126.) The Court again finds that Mr. Dominique's response does not directly answer the request. Nevertheless, Mr. Dominique provides sufficient information to inform Plaintiffs that he does not have such answer, "as all warranties came from Tri-State." (*Id.*) Because Mr. Dominique directs Plaintiffs to Tri-State Coating, the party Mr. Dominique evidently believes has the answer to this Interrogatory, he does not need to supplement his response.

- Interrogatory No. 15: Plaintiffs asks Mr. Dominique to "[d]escribe and list your and all other defendants' general work duties and responsibilities, job title, and compensation during 2013." (ECF No. 142-2 at PAGEID # 1992.) After Mr. Dominique objected, Plaintiffs narrowed the request, arguing they "are entitled to the information requested concerning [Mr. Dominique's] role and experience." (*See* ECF No. 142 at PAGEID # 1942.) The Court finds that this narrowed request is relevant and is not overbroad. The Court also takes note of the correspondence (attached to the briefing) in which Plaintiffs' Counsel reported that Mr. Dominique's Counsel "said that [Mr. Dominique's Counsel] would supplement this interrogatory but [Plaintiffs' Counsel] have not received any supplement." (ECF No. 142-6 at PAGEID #2086.) Accordingly, Mr. Dominique is **DIRECTED** to supplement his answer to the narrowed Interrogatory No. 15.

- Interrogatory No. 16: This Interrogatory asks Mr. Dominique to "[d]escribe both the personal and business relationship between you and Jim Williams and how you

conducted business between 2000 and the present." (ECF No. 142 at PAGEID # 1942; *see also* ECF No. 142-2 at 1992.) Plaintiffs state they "never received an answer or response," because Mr. Dominique objected to the Interrogatory as "vague and overbroad and [] *not calculated to lead to the discovery of admissible evidence*." (*Id.*(emphasis added)).[4] This Court finds that this Interrogatory is relevant, but Plaintiffs have failed to address Mr. Dominique's objections that the Interrogatory is vague and overbroad, so the objection is well taken. Plaintiffs are free to ask Mr. Dominique about his relationship with Mr. Williams during Mr. Dominique's deposition, but they are cautioned to limit their questioning to a relevant time period.

- Interrogatory No. 26: This Interrogatory seeks "the locations and addresses where [Mr. Dominique] ha[s] resided between 2000-2019, and for each place state whether [he] owned or rented the residence." Plaintiffs argue they are entitled to the information because Mr. Dominique "has said this is an issue in the case" and the parties have litigated this issue. (ECF No. 142 at PAGEID # 1942; *see also* ECF No. 142-2 at PAGEID # 1994.) Mr. Dominique objected to the Interrogatory as "vague and overbroad and [] not calculated to lead to the discovery of admissible evidence," and argues that its only relevance was in a previously filed state court action, "because Plaintiffs failed to perfect service on AmCoat at Mr. Dominique's personal address." (ECF No. 143 at PAGEID # 2127.) This Court agrees with Mr. Dominique that service is not an issue in this case. Accordingly, the Court finds that this Interrogatory seeks irrelevant information. Mr. Dominique's objection is well taken.

---

[4] The Court notes that this objection is no longer viable in light of the 2015 amendments which deleted this language from Rule 26.

- Interrogatory No. 27: This Interrogatory asks Mr. Dominique to "[l]ist and briefly describe each insurance policy that you have held or been named as an insured between 2000-2019, and for each policy, state the name of the insurer, the policy number, and the dates of coverage."  (ECF No. 142 at PAGEID # 1942; *see also* ECF No. 142-2 at PAGEID # 1994.)  Defendants objected to the interrogatory as "vague and overbroad and [] not calculated to lead to the discovery of admissible evidence," and they argue that Plaintiffs have not explained "how an insurance policy for people and companies not a party to the contract at issue from 2000 could possibly be relevant to a contract dispute that arose in 2013."  (ECF No. 143 at PAGEID # 2127.)  The Court finds that this Interrogatory is relevant, but Plaintiffs have failed to address Mr. Dominique's objections that the Interrogatory is vague and overbroad, so the objection is well taken.  Plaintiffs are free to ask Mr. Dominique about his insurance policies during Mr. Dominique's deposition, but they are cautioned to limit their questioning to a relevant time period.

- Interrogatory No. 31: This Interrogatory asks Mr. Dominique to "[l]ist and state the nature and names of any businesses you own or conducted between 2000-2019, and whether you have been employed during that time period and if so by whom, the nature of the employment, and the wages for each job."  (ECF No. 142-2 at PAGEID # 1995.)  Plaintiffs argue "[t]his interrogatory goes to the heart of the issue of who and what Rhino Shield is," and they "are entitled to the information regardless [of] whether [Mr. Dominique] dispute[s] it being an entity."  (ECF No. 142 at PAGEID # 1942.)  Mr. Dominique objected to the interrogatory as "vague and overbroad and [] not calculated to lead to the discovery of admissible evidence."  (*Id.* at PAGEID ## 1942-1943.)  Mr. Dominique argues that his "employment history from thirteen years prior to a dispute

over the workmanship under a contract to which he is not a party, is not relevant." (ECF No. 143 at PAGEID # 2128.) The Court finds that this Interrogatory is arguably relevant. Plaintiffs, however, have failed to address Mr. Dominique's objections that the Interrogatory is vague and overbroad, so the objection is well taken. Plaintiffs are free to ask Mr. Dominique about his business and employment history during his deposition but are again cautioned to limit their questioning to the relevant time period.

- Interrogatory No. 35: This Interrogatory asks Mr. Dominique to "[s]tate whether you ever discussed the results of the work on the Hunters' home with Jim Williams, and if so, state what was discussed and when it was discussed." (ECF No. 142-2 at PAGEID # 1996.) Mr. Dominique responded: "The only conversations that I had with Jim Williams concerned the fact that the customer had issues initially that were resolved but that the customer sued anyway." (*Id.*) Plaintiffs argue Mr. Dominique's response "is not complete nor is it responsive to the interrogatory as posed." (ECF No. 142 at PAGEID # 1943.) Mr. Dominique argues he "provided information that the only discussion they had was not about the results of the work, thus providing more information than was requested." (ECF No. 143 at PAGEID # 2128.) This Court agrees with Mr. Dominique and finds that he properly responded to Interrogatory No. 35.

Accordingly, this Court rejects Plaintiffs' arguments regarding Interrogatory Nos. 6, 7, 14, 16, 26, 27, 31, and 35. The Court accepts, however, Plaintiffs' argument regarding Interrogatory No. 15, and **DIRECTS** Mr. Dominique to supplement his response to Interrogatory No. 15, as Mr. Dominique's Counsel indicated they would do.

Finally, Plaintiffs appear to take issue with sixty-five (65) of Mr. Dominique's ninety-four (94) responses to RFP Nos. 2-5, 7-13, 15, 18-22, 27, 29-30, 32-36, 39, 46-65, 69-72, and 75-

89.[5]  (*Id.*; *see also* ECF Nos. 142-4, 142-6.)  Plaintiffs contend that Mr. Dominique has produced

"a few" documents in response to the RFPs, but "[a]mong the many documents and records he

has refused to provide, he has not produced correspondence between or involving him and the

co-defendants or the Hunters; tax returns; warranties; insurance policies; mobile phone records;

company records and documents; business records; fictitious name registrations; claims; bills of

lading and shipping records; manufacturer records for the coating products; deposition

transcripts; litigation and claim records; among numerous other records and documents that have

still not been produced."  (ECF No. 142 at PAGEID ## 1943-1944.)  Plaintiffs cite Mr.

Dominique's objection that the requests are "overbroad and seek[] discovery of materials that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," but

they do not otherwise address, let alone respond to, Defendants' objections.  (*Id.* at PAGEID #

1944.)

On the other hand, Mr. Dominique uses the briefing to add additional color and context to

his objections, arguing "many of the objections arise due to Plaintiffs' failure to focus his

requests and more general sloppy or intentionally imprecise and misleading drafting," and

"[m]any of the requests that were objected to as overbroad had either no time limits or time-

frames so broad as to be overly burdensome . . . ."  (ECF No. 143 at PAGEID # 2129.)  Mr.

---

[5] Despite detailing specifically which of Mr. Dominique's Interrogatory responses Plaintiffs
believe are deficient, Plaintiffs chose not to specify which of Mr. Dominique's RFP responses
they believe are deficient.  Rather, they summarily stated, "Plaintiff will not belabor the abject
failure of Mr. Dominique to properly respond as to the document requests, but will respectfully
direct the court to [] exhibits which demonstrate the non-compliance in full."  (ECF No. 142 at
PAGEID # 1944.)  This Court, therefore, is left to guess which of Mr. Dominique's RFP
responses are objectionable to Plaintiffs.  The attached exhibits, *see* ECF Nos. 142-2, 142-5, 142-
6, list Plaintiffs' objections to Mr. Dominique's responses to RFP Nos. 2-5, 7-13, 15, 18-22, 27,
29-30, 32-36, 39, 46-65, 69-72, and 75-89, so those are the only RFP responses this Court will
analyze.

Dominique provides several examples "of the over-breadth of the requests," and additionally argues that other requests "are for documents related to entities not within Mr. Dominique's control," including requests for Tri-State Coating, Inc.'s business documents which Mr. Dominique "does not have access to." (*Id.*)

This Court finds that Mr. Dominique's objections are well taken. Although Plaintiffs were not given the right of reply, Plaintiffs' voluminous briefing and attachments – as well as this Court's own conversations with the Parties – convince this Court that Plaintiffs were keenly aware of Mr. Dominique's objections to the subject RFPs at the time they filed the Motion to Compel. (*See*, *e.g.*, ECF No. 142 at PAGEID # 1944 (affirmatively acknowledging Mr. Dominique's objection that the requests are "overbroad and seek[] discovery of materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence"); ECF No. 142-2 at PAGEID ## 1969-1989 (attaching Mr. Dominique's responses and objections to each RFP); ECF No. 142-5 at PAGEID # 2063 (including an email from Plaintiffs' Counsel referencing an email from Mr. Dominique's Counsel in "response to our 10/8/19 correspondence pointing out deficiencies with your original responses"); ECF No. 142-6 (discussing Mr. Dominique's objections)).

Despite this knowledge, Plaintiffs failed to address Mr. Dominique's objections that (1) the RFPs are overbroad; (2) the RFPs seek irrelevant information; (3) the RFPs are "generally sloppy or intentionally imprecise and misleading"; (4) many of the RFPs "had either no time limits or time-frames so broad as to be overly burdensome and not likely to lead to admissible evidence"; and (5) the RFPs sought information outside of Mr. Dominique's control. (*See* ECF No. 143 at PAGEID ## 2128-2129.) To the extent Plaintiffs addressed any of Mr. Dominique's objections, it was only in a passing statement that "[t]here is [] no dispute that the discovery is

directly relevant to the key issues and claims against not only Mr. Dominique, but also the other defendants who conduct business as Rhino Shield." (ECF No. 142 at PAGEID # 1945.)

Assuming, *arguendo*, that all the information sought was relevant, this Court still finds Mr. Dominique's objections to be well taken and concludes that Plaintiffs' discovery requests as written are too broad and oppressive. *See Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) ("[A]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.") (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)). Plaintiffs are not permitted to "go fishing," and here Plaintiffs have failed to show how or why they are entitled to any documents beyond what Mr. Dominique already has produced in response to RFP Nos. 2-5, 7-13, 15, 18-22, 27, 29-30, 32-36, 39, 46-65, 69-72, 75, and 78-89. *See Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) ("We have noted that a plaintiff should have access to information necessary to establish her claim, but that a plaintiff may not be permitted to 'go fishing'; the trial court retains discretion.") (quoting *Surles*, 474 F.3d at 305).

Additionally, Mr. Dominique repeatedly responded that "[t]here are no documents responsive to this request." S*ee generally* 142-2 at PAGEID ## 1971-1989. Plaintiffs' disbelief cannot change those responses. A party responding to a discovery request does not have a duty to create documents that do not exist simply to comply with a request. *See Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) (citing cases establishing that "[p]arties have no duty to create documents simply to comply with another party's discovery request."); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10–cv–

822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have.").

There are two exceptions, however, as Mr. Dominique – inadvertently or not – has not responded at all to RFP Nos. 76 and 77. (ECF No. 142-2 at PAGEID #1985.) The Court finds that these RFPs are relevant, as they seek information directly related to the proper installation and/or application of Rhino Shield coating. (*Id.*) This case centers on whether Rhino Shield was installed and/or applied properly. Under these circumstances, there should be no dispute that these RFPs seek relevant documents and information. Accordingly, Mr. Dominique is **DIRECTED** to respond to RFP Nos. 76 and 77. As to the remaining RFPs, Plaintiffs' Motion to Compel is **DENIED**.

### 3. Requests for Admissions

Plaintiffs also challenge the sufficiency of Mr. Dominique's responses to fifty-three (53) of their fifty-eight (58) RFAs. Plaintiffs argue that "Mr. Dominique has made little or no effort to properly respond to the requests for admissions served as discovery requests, despite multiple requests that he do so," and "[a]s a consequence, Requests for Admissions ##1-2, 8-58 [] should all be deemed admitted by the court." (ECF No. 142 at PAGEID # 1935.)

Plaintiffs' primary concern regarding Mr. Dominique's RFA responses appears to be that Mr. Dominique responded to approximately forty-six (46) of the RFAs with one of two boilerplate responses: (1) "Objection. As an officer of the coating supplier I would not have access to this information. This request is therefore directed to the wrong party. Denied therefore, for lack of knowledge"; or (2) "Objection. As an officer of the coating supplier I would not be privy to that information. This request is denied for lack of knowledge." (*Id.*)

19

Plaintiffs contend these responses are "grossly improper for several reasons," and specifically argue that Mr. Dominique's failure to state in detail *why* he cannot either admit or deny a given RFA is improper. (*Id.*)

Plaintiffs also argue that Mr. Dominique failed to address his responses to the substance of the matter for which the admissions were requested, that Mr. Dominique failed to qualify his responses to admit or deny only a part of a request, and that Mr. Dominique failed to "state[] that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny." (*Id.* at PAGEID # 1936.) Plaintiffs insist Mr. Dominique's "standard response is to try to distance himself as a 'coating supplier' as opposed to something else," and "[h]e pretends in that capacity that either he does not have access to or is not privy to the information necessary for him to respond." (*Id.* at PAGEID # 1937.) Plaintiffs also highlight what they perceive as Mr. Dominique's "disdain and contempt for the discovery requests," arguing he and his Counsel "have steadfastly refused to do anything" to comply with Mr. Dominique's discovery obligations. (*Id.* at PAGEID ## 1937-1940.)

In response, Mr. Dominique criticizes the RFAs as "neither simple nor concise," and argues that "[t]o compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purpose of Rule 36(a)." (ECF No. 143 at PAGEID # 2112.) Mr. Dominique insists that Plaintiffs' belief of Mr. Dominique's role in a conspiracy "does not make it so," and Mr. Dominique's role in this case, relative to AmCoat, Tri-State Coating, Inc., and any of the other various companies with which AmCoat had dealer agreements "has been made clear to Plaintiffs repeatedly." (*Id.* at PAGEID ## 2114-2115.) Regarding Plaintiffs' "reasonable inquiry" argument, Mr. Dominique responds that "the requirement is not limitless," and because Mr. Dominique is the only Defendant who is an

20

administrator, agent, employee, servant, enlisted or other personnel for AmCoat, "the reasonable inquiry standard for AmCoat and Mr. Dominique begins and ends with Mr. Dominique." (*Id.* at PAGEID # 2115.)

Mr. Dominique also observes in his response that "Plaintiffs do not include specific arguments for each request which would allow Mr. Dominique to respond to each." (*Id.* at PAGEID # 2116.) Indeed, while Plaintiffs state that either forty-five (45) or forty-six (46) of Mr. Dominique's RFA responses are inadequate, they only discuss nine (9) of Mr. Dominique's RFA responses. (*See* ECF No. 142 at PAGEID ## 1935-1940 (discussing RFA Nos. 1-2, 19-21, 23-26).) Mr. Dominique addressed his responses to each of these RFAs in his briefing, and the Court will analyze them in turn as well.

- RFA No. 1: Plaintiffs argue Mr. Dominique's response evidences his "disdain and contempt for the discovery requests." (ECF No. 142 at PAGEID # 1937.) Mr. Dominique concedes that "[w]hile the statement after the denial was unnecessary, the denial itself was sufficient response to the request that does not lend itself to a simple and concise answer." (ECF No. 143 at PAGEID # 2113.) Mr. Dominique also adds various objections, and states that "[r]ather than object to the form of the request Mr. Dominique denied it." (*Id.*) This Court agrees with Mr. Dominique, both that the comment after the denial was unnecessary and that he sufficiently denied RFA No. 1.

- RFA Nos. 2, 19-21, and 23-26: Plaintiffs state Mr. Dominique improperly responded to these RFAs, which "address key issues as to the entity Rhino Shield and how it promotes its coating product of the same name," but Plaintiffs provide little argument regarding *how* Mr. Dominique's responses are improper. (ECF No. 142 at PAGEID ## 1938-1940.) Plaintiffs merely state, "[f]or Mr. Dominique to repeatedly respond to almost all

of the requests for admissions with the answer that he is not 'best suited' to answer or that the request should be directed elsewhere, is not proper, nor does it satisfy his obligations when responding to a request for admission." (*Id.* at PAGEID # 1940.) Mr. Dominique makes several points in response, but he primarily argues that RFA Nos. 2, 19-21, and 23-26 mistakenly "attribut[e] characteristics of an entity" to Rhino Shield, despite the fact that Rhino Shield is a product, and a tradename, not an entity. (ECF No. 143 at PAGE ID ## 2113-2114, 2117). This Court agrees with Mr. Dominique, as RFA Nos. 2, 19-21, and 23-26 all appear to be rooted in the assumption that "Rhino Shield" is a distinct business entity. (*See* ECF No. 142-1 at PAGEID ## 1950-1951, 1954-1957.) Having already concluded that Mr. Dominique sufficiently denied that Rhino Shield "is a foreign corporation or limited liability company or joint venture" in RFA No. 1, this Court now finds that Mr. Dominique's objections to RFA Nos. 2, 19-21, and 23-26 are well taken. Because Mr. Dominique responded that Rhino Shield is not a business entity, the Court also finds that Mr. Dominique's denials to RFA Nos. 2, 19-21, and 23-26 are sufficient.

As to the remaining RFAs which allegedly are deficient, Plaintiffs did not submit any argument in support. This Court will not guess why Plaintiffs object to any of Mr. Dominique's responses. Consequently, Plaintiffs' Motion to Compel is **DENIED** as to all of the remaining RFAs.

### 4. Sanctions

Plaintiffs seek a variety of sanctions, including: (a) precluding Defendants from using any information or witness to supply evidence on a motion, at a hearing, or at trial; (b) ordering payment of Plaintiffs' expenses and legal fees; (c) prohibiting Mr. Dominique and/or the other Defendants from supporting or opposing designated claims or defenses, or from introducing

designated matters in evidence; (d) striking Defendants' pleadings in whole or in part; (e) staying further proceedings; (f) rendering a default judgment against Mr. Dominique and/or other Defendants; and (g) ordering Mr. Dominique to appear for a deposition in Columbus, Ohio at Plaintiffs' convenience and Mr. Dominique's expense. (ECF No. 142 at PAGEID ## 1912-1913, 1947-1948.)  Defendants respond that "Plaintiffs' requested remedies are outrageous and outside the bounds of remedies contemplated by the discovery rules."  (ECF No. 143 at PAGEID # 2131.)

Plaintiffs' requests for sanctions are generally not well taken.  As explained above, the Court finds that Defendants have engaged in written discovery in good faith.  The Court is satisfied that Mr. Dominique's objections have not been an attempt to undermine Plaintiffs in the litigation.  Based on this record, there is no evidence of sanctionable conduct on the part of Mr. Dominique or any of the other Defendants as it relates to Mr. Dominique's written discovery responses.

The same cannot be said, however, for Mr. Dominique's noncooperation with Plaintiffs' efforts to depose him.  On August 29, 2019, Plaintiffs set Mr. Dominique's deposition for October 10, 2019.  (ECF No. 83.)  On November 13, 2019, after initially staying the deposition, this Court granted Mr. Dominque's request to conduct the deposition remotely by electronic means.  (ECF No. 114.)  Plaintiffs have provided email correspondence reflecting that Plaintiffs' diligent efforts to find a mutually agreeable date for Mr. Dominique's deposition have been unsuccessful.  (ECF No. 142-5.)  Mr. Dominique has failed to address any of Plaintiffs' arguments or evidence in response.  Instead, the entirety of Mr. Dominique's rebuttal comes in the penultimate sentence of his twenty-five (25) page Opposition, when Mr. Dominique notes in passing that "Plaintiffs' suggested alternative remedy to default judgment of forcing Mr.

Dominique to appear for deposition in Columbus . . . further demonstrates that Plaintiffs are less concerned with resolving the issues and are more focused on inflicting financial hardship on Mr. Dominique despite his lack of association with the actual claim." (ECF No. 143 at PAGEID # 2131.)  Mr. Dominique does not attempt to explain why he has not appeared for a deposition yet, implicitly conceding to all of Plaintiffs' arguments and evidence on the issue.

Plaintiffs are entitled to depose Mr. Dominique, as this Court ruled almost a year ago on November 13, 2019.  (ECF No. 114.)  While this Court cannot state that Mr. Dominique's refusal to appear for a deposition to date constitutes bad faith, it is nevertheless disappointing that the Parties have not found a mutually agreeable date for this long-overdue deposition.  Even with the unique context of the COVID-19 pandemic, the Court observes that this deposition could have, and arguably should have, been held in before the Parties were impacted by the pandemic.  Regardless, the Court is not inclined to use the pandemic as a free pass to excuse otherwise dilatory litigation tactics.  (*See, e.g.,* ECF No. 142-5 at PAGEID # 2068.)  Although the Court recognizes that Plaintiffs wanted the documents that are the subjection of this Order before deposing Mr. Dominique, Plaintiffs have waited too long to depose Mr. Dominique who should make himself available.

Accordingly, the Court **GRANTS** Plaintiffs' request to depose Mr. Dominique, but otherwise **DENIES** Plaintiffs' requests for sanctions.

**B.**      **Motion to Strike/Motion to Quash**

Separately, but related to the above, Defendants have moved to strike two subpoenas, *see* ECF Nos. 148-149, which Defendants argue were issued after the close of discovery and are duplicative and irrelevant.  (ECF No. 164.)  In response, Plaintiffs argue the subpoenas are necessary because they seek "records which Mr. Dominique has thus far refused to produce,"

citing RFP Nos. 4-6, 8, 10, 15, 31, 49, 73, 86, 87, and Interrogatory Nos. 19, 23, and 31.  (ECF

No. 165 at PAGEID ## 2562-2563.)  Plaintiffs argue the subpoenas "are directly relevant to this

case, and will undoubtedly lead to the discovery of more evidence."  (*Id.* at PAGEID # 2568.)

      As a preliminary matter, this Court finds that Defendants have standing to move to quash

the subpoenas.  Typically, a party does not have standing to challenge a subpoena issued to a

non-party.  Where a party successfully asserts "'some personal right or privilege with regard to

the documents sought,'" however, that party will have standing.  *Mann v. University of*

*Cincinnati*, Nos. 95-3195 and 953292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting

9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (1995));

*see also Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876,  2009 WL 330314, at *1 (S.D.

Ohio Feb. 6 2009) (noting that a party would have standing to move to quash a subpoena served

upon a nonparty if that party had "a claim of some sort of personal right or privilege").

"Personal rights or privileges supporting a claim to standing 'have been recognized with respect

to personal bank records, information in a personnel file, corporate bank records, or Indian tribal

records.'"  *Riding Films, Inc. v. John Does 129-193*, No. 2:13-CV-46, 2013 WL 3322221, at *4

(S.D. Ohio July 1, 2013) (quoting *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis,* No.

1:11-CV-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).  The issue of standing "is a

threshold issue which the Court must consider before addressing the merits" of any challenges to

the subject subpoenas.  *Waite, Schneider, Bayless & Chesley Co. L.P.A.*, 2013 WL 146362, at

*5.  Here, by Plaintiffs' own admission, the subject subpoenas seek "Mr. Dominique's personal

and business tax records."  (ECF No. 165 at PAGEID # 2568.)  Such requests confer standing

upon Mr. Dominique, albeit not necessarily any of the other Defendants, to challenge the

subpoenas, as Mr. Dominique has a "personal right or privilege" in such information.  *See Riding*

*Films, Inc.*, 2013 WL 3322221, at *4; *Waite, Schneider, Bayless & Chesley Co. L.P.A.,* 2013 WL 146362, at *5.

Having addressed the threshold issue of standing, this Court finds that Mr. Dominique's arguments are well taken. Most significantly, the subpoenas are untimely as a matter of fact, as they were issued after the May 16, 2020 discovery deadline. *See Estate of Tierney v. Shellberg*, No. 1:08-CV-866, 2011 WL 13202376, at *2 (S.D. Ohio Jan. 5, 2011) ("[A] Rule 45 subpoena seeking documents from a third-party has generally been held to constitute discovery that is subject to the same deadlines that apply to all other formal discovery.") (quoting *Fritz v. Charter Tp. of Comstock*, Case No. 1:07-cv-1254, 2010 WL 1856481, at *1 (W.D. Mich. May 10, 2010)).

This analysis warrants a brief timeline. The Court initially set a discovery deadline of November 8, 2019. (ECF No. 49.) The Court then granted Plaintiffs' request to extend the discovery deadline to February 8, 2020, and later granted Plaintiffs' request to extend the discovery deadline to May 16, 2020. (ECF Nos. 117, 126.) Accordingly, after filing its Motion to Compel on April 24, 2020, Plaintiffs still had over three weeks to pursue any last-minute discovery before the discovery deadline. They evidently did not do so. Instead, on May 18, 2020, after the discovery deadline passed, Plaintiffs filed another request to modify the case schedule, seeking an extension of "90-120 days" for more discovery. (ECF No. 146.) Of note, Plaintiffs indicated they "have prepared and anticipate serving written discovery requests upon the other remaining defendants this week," but Plaintiffs did ***not*** cite the need to issue any third-party subpoenas in their request. (*Id.*) The Court denied Plaintiffs' request without prejudice on May 19, 2020. (ECF No. 147.) On May 19, 2020, immediately following that Order, and on May 20, 2020, Plaintiffs issued the subject subpoenas. (ECF Nos. 148-149.) Plaintiffs then promptly re-filed their request to extend the case schedule, this time noting the pending third-

party subpoenas.  (ECF No. 151.)  This Court rejected Plaintiffs' request and ordered that "the discovery deadline will not be extended as a general matter."  (ECF No. 155.)  The Court stated it would address the Motion to Compel and "will permit any additional discovery as to Defendant Dominique if appropriate at that time."  (*Id.*)

Having addressed the Motion to Compel, this Court now will not permit any additional discovery as to Mr. Dominique, beyond what is discussed above.  This includes the subject subpoenas.  Plaintiffs had over a year to seek this information, yet they chose not to pursue it.  Further, while Plaintiffs have provided excruciating detail about their efforts (dating back to August 29, 2019) to obtain this information from Defendants, Plaintiffs have failed to explain why they never sought the information elsewhere until after the close of discovery.  These are not extraordinary circumstances, and this Court is not inclined to extend the discovery deadline, yet again, especially in light of (a) Plaintiffs' affirmative admission that the subpoenas seek the same information as many of the RFPs and Interrogatories which have been discussed above, and (b) the fact that Plaintiffs' counsel has litigated the issues that are the subject of this case since February of 2014.  (*See* ECF No. 165 at PAGEID ## 2562-2563.)

This Court finds that Plaintiffs have failed to demonstrate good cause to extend the discovery deadline.  Accordingly, because the subject subpoenas were not timely, Defendants' Motion to Strike Issuance of Subpoenas (ECF No. 164) must be **GRANTED**.

## IV.

The discovery deadline in this case passed on May 16, 2020, nearly twenty months after the case was filed.  The Parties made the most of the discovery period, and exchanged fulsome requests and responses, well beyond the limits set by the Federal Rules of Civil Procedure and by

this Court. With limited exceptions, the Parties have received all of the discovery they are going to get.

For the foregoing reasons, Plaintiffs' Motion to Compel Discovery from Defendant Steven C. Dominique and for Sanctions (ECF No. 142) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Mr. Dominique is **DIRECTED** to appear for a deposition by **DECEMBER 4, 2020**, and Mr. Dominique is **DIRECTED** to submit responses to Interrogatory No. 15, and Requests for Production Nos. 76 and 77, **NO FEWER THAN SEVEN (7) DAYS** before the Deposition, regardless of when the Deposition is scheduled. The Deposition shall take place remotely by electronic means, as this Court ordered on November 13, 2019, unless otherwise agreed by the parties. (ECF No. 114.) No extensions of these deadlines shall be granted absent agreement of the Parties under extraordinary circumstances.

Additionally, for the foregoing reasons, Defendants' Motion to Strike Issuance of Subpoenas (ECF No. 164) is **GRANTED**.

Having resolved Plaintiffs' Motion to Compel Discovery from Defendant Steven C. Dominique and for Sanctions (ECF No. 142), this Court **DIRECTS** the Parties to file any dispositive motions by **JANUARY 8, 2021**. The default briefing schedule set forth in Local Rule 7.2(a)(2) shall apply thereafter, and the briefs shall not exceed twenty pages, consistent with Local Rule 7.2(a)(3), absent advance leave of Court. To the extent evidence is attached to the dispositive motion briefing, it shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the briefing.

**IT IS SO ORDERED**.


Date: November 4, 2020                    */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **CHIEF UNITED STATES MAGISTRATE JUDGE**

28