UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUTH A. HUNTER,** *et al.*,

    **Plaintiffs,**

v.

    Case No. 2:18-cv-1097
    **JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Elizabeth P. Deavers

**RHINO SHIELD,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Four Motions for Summary Judgment. (ECF No. 195.) Plaintiffs oppose the motion. (ECF No. 197.) Also before the Court is Defendants' Motion for Extension of Time to Respond or Stay Briefing Schedule. (ECF No. 198.) For the following reasons, the Court **DENIES** Defendants' Motion to Strike and **GRANTS** Defendants' Motion for Extension of Time.

### I.

This case arises out of the alleged misapplication of Rhino Shield, a ceramic coating, onto the exterior of Plaintiffs' home in 2012. (*See* Am. Compl., ECF No. 18.) The 71-page Amended Complaint asserts eight counts against Defendants: Violation of the Ohio Consumer Sales Practices Act; Misrepresentation; Breach of Contract; Violation of the Ohio Home Sales Solicitation Act; Breach of Express and Implied Warranties; Civil Conspiracy; Declaratory Judgment that Defendants are Vicariously Liable; and Alter Ego Liability. (*Id.* ¶¶ 187–247.)

Local Rule 7.2(a)(3) states that the Court "prefers that memoranda in support of or in opposition to any motion … not exceed twenty pages." S.D. Ohio Civ. R. 7.2(a)(3). For any memorandum that exceeds 20 pages, a party must "include a combined table of contents and a

succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found." *Id.* Furthermore, the Court may impose a page limitation in any case by standing order. *Id.*

In a November 4, 2020 Opinion and Order on the parties' discovery motions, the Magistrate Judge ordered that "briefs shall not exceed twenty pages, consistent with Local Rule 7.2(a)(3), absent advance leave of Court." (ECF No. 169 at 28.) The Magistrate Judge also ordered that "to the extent evidence is attached to the dispositive motion briefing, it shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the briefing." (*Id.*)

On March 5, 2021—the dispositive motion deadline—both parties moved for summary judgment. Defendants filed a motion for summary judgment as to all Defendants and all claims with a 20-page memorandum in support. (ECF No. 189.) Plaintiffs filed four separate motions for summary judgment—each motion pertaining only to a single claim. (ECF Nos. 190–93.) Plaintiffs attached a different 20-page memorandum in support to each of the four motions for summary judgment. (*See id.*) Thus, instead of filing one motion for summary judgment on multiple claims with a 20-page memorandum in support, Plaintiffs separated each claim into a distinct motion and submitted 80 total pages of briefing. Each of the four 20-page memoranda contain a long statement of facts recounting much of the same information, as all claims in this case appear to arise out of a common set of facts. (*See id.*; Am. Compl.) Plaintiff did not obtain leave of Court, per the November 4, 2020 order, to file 80 pages of briefing.

## II.

Defendants now move to strike Plaintiffs' four motions for summary judgment, or to clarify the Court's November 4, 2020 order regarding page limits. (ECF No. 195.) Defendants argue that Plaintiffs filed the four separate motions to circumvent the page limit imposed by this Court's order. (*Id.*) Defendants have also moved for an extension of time to respond to each of the four motions for summary judgment if the Court denies Defendants' motion to strike. (ECF No. 198.)

Plaintiffs' filings appear to be an attempt to circumvent this Court's order that "briefs shall not exceed twenty pages" without leave of Court. Plaintiffs' filing of four separate 20-page briefs technically does not violate the letter of the rule that briefs may not exceed 20 pages—it does, however, violate the purpose of that order. The four claims on which Plaintiffs move for summary judgment—breach of contract, breach of warrantied, violation of the Consumer Sales Practices Act, and misrepresentation—all arise from the same set of facts. Plaintiffs devote over half of each memorandum to discussing overlapping facts, including several pages of copied-and-pasted portions of deposition transcripts. Plaintiffs also attached several of the same affidavits in support of each of the four separate motions.

Plaintiffs argue that "[c]ontrary to increasing the workload for anyone, the partial motions for summary judgment are designed to address specific claims in each individual motion to eliminate any confusion as to which issues and claims are being addressed." (ECF No. 197.) They also assert that the four 20-page memoranda are "helpful to resolving specific issues and claims raised and addressed in each individual motion." (*Id.*) The Court, however, finds that the filings are onerous. It appears from the repetitive fact sections in the four motions that the resources of all would have been better served if Plaintiffs would have first requested leave to file 80 pages of briefing.

That said, the Court finds it inappropriate to strike Plaintiffs' four motions for summary judgment and the accompanying exhibits. This Court regularly permits filings of the size the parties find necessary to present their cases on summary judgment.

The Court finds it more appropriate to grant Defendants' motion for additional time to respond to Plaintiffs' four motions. Plaintiffs do not oppose Defendants' request for additional time and have also requested additional time to respond. (ECF No. 199.) Plaintiffs also request leave to file a response to Defendants' motion in excess of twenty pages. (*Id.*) Accordingly, the Court grants the parties' request for additional time to respond to the motions for summary judgment. The Court also grants Plaintiffs' request to file a response to Defendants' motion in excess of twenty pages.

### III.

For the foregoing reasons, Defendants Motion to Strike is **DENIED**. (ECF No. 195.) Defendants' Motion for Extension of Time to Respond is **GRANTED**. (ECF No. 198.) The parties may file a response in opposition no later than April 23, 2021. Plaintiffs may file a response longer than 20 pages consistent with Local Rule 7.2(a)(3).

**IT IS SO ORDERED.**

**3/19/2021**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**